Margaret M. Cooley, by her father and next friend, John B. Cooley, *v.* The Philadelphia Traction Company and Union Traction Company, Appellants.

*Negligence—Inadequacy of charge.*

On the trial of an action of trespass for personal injuries where it appears that the accident on which the suit is founded was apparently trivial, with nothing to indicate that any serious results were likely to follow, that the injury to plaintiff, alleged to be in consequence of the accident, is as unusual as it is said to be severe; that suit was not brought until one year and a half after the accident, without any notice to the defendant in the mean time, the trial judge does not perform his full duty if he fails to instruct the jury fully as to the duty of plaintiff to make out affirmatively every element necessary to a recovery.

In an action against a street railway company by a passenger, the circumstances of the accident were not alluded to by the judge in his charge, and no instruction was given to the jury on the subject of negligence and the burden of affirmatively proving it. All that he said about the accident was "if this young woman while she was in the act of getting off a car was thrown to the ground and injured by reason of the conductor or motorman starting the car before she got off, then your verdict should be in her favor." *Held*, that the charge was inadequate, and that a judgment on a verdict for plaintiff should be reversed.

*Negligence—Mistake in charge—Damages.*

In an accident case where the trial judge in his charge assumes that plaintiff's hand is gone, when in fact it is not gone, but only seriously injured, and it is merely conjectural whether she will lose it in the future, a judgment on a verdict for plaintiff will be reversed.

Argued Jan. 5, 1898. Reargued Jan. 5, 1899. Appeal, No. 38, Jan. T., 1898, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1896, No. 552, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed. STERRETT, C. J., dissents.

Trespass for personal injuries. Before BRÉGY, J.

At the trial plaintiff claimed that she was injured while alighting from one of defendants' cars in August, 1895. Suit was brought on January 2, 1897.

The charge was as follows:

If this young woman, while she was in the act of getting off a car was thrown to the ground and injured, by reason of the conductor or motorman starting the car before she got off, then your verdict should be in her favor, and you should give her that which will make her whole for what she has lost. Of course it is not contended by anybody that this was done on purpose, and the law does not treat it in that way. It was an unfortunate accident, if it occurred in the way which has been stated. The law says that a person who, by negligence, injures another, must pay that which will cover the loss which has been sustained. Now, what loss has this young lady sustained? In discussing that I am required to call your attention to the law upon the subject of minors. This young lady is a minor. Whatever she earns up to the time that she is twenty-one years of age, or whatever she would earn, would not belong to her but to her father. Therefore, so far as her earnings are concerned, you must throw out of consideration everything that she would have earned up to the time she was twenty-one years of age. All her earnings from the time she was hurt up to the time she was of age would belong to her father, and all her expenses, all her medical expenses up to that time, would have to be borne by her father; and if he should bring suit against the railroad company, then they could be considered in that suit. Now, taking her after she is twenty-one years of age, and considering the time that she would probably live, how much has she been damaged in money, or how much less money could she earn now than then, and how much extra expenses would she have to pay by reason of this accident? Those are matters to be considered by you. Is she utterly incapable of doing anything, or can she follow some occupation with her other hand?' If her right hand is gone, will she be able to do anything, and to earn some money? Will she be able to earn less than she would otherwise have been able to earn? Consider all there things, and try to fix an amount to compensate her for her loss, by reason of the injury. That is what the law gives her. In addition to that, you ought to add such sum as you believe proper and reasonable for the pain and suffering she has gone through, and will go through, by reason of this injury. That is the legal measure of damages that she is entitled to, if she is entitled to anything. And if you find she is, that is what she ought to have. You must con-

sider these questions with a full sense of the responsibility of what you are doing. If you believe, however, that she was not injured in this way, but was injured by slipping from the step of the car, while in the act of getting off, and while the car was standing still, then that would be something not the fault of the railroad company, and your verdict should be for the defendant. Of course you must consider that, and it is for you to consider. Do what you think is right. The case has been so fully argued that I do not think there is anything more for me to say.

Verdict and judgment for plaintiff for $7,500. Defendants appealed.

*Error assigned* among others was the charge of the court, quoting the whole charge.

*Thomas Leaming*, with him *Henry C. McDevitt*, for appellants.—The charge was inadequate: Garrett v. Gonter, 42 Pa. 143; Richards v. Willard, 176 Pa. 181; Lerch v. Bard, 177 Pa. 197; Fineburg v. Second & Third Pass. Ry. Co., 182 Pa. 97; Tietz v. Phila. Traction Co., 169 Pa. 516; Herstine v. Lehigh V. R. R., 151 Pa. 244; Reber v. Herring, 115 Pa. 599; Bisbing v. Third Nat. Bank, 93 Pa. 79; Peirson v. Duncan, 162 Pa. 187; Herrington v. Guernsey Brothers, 177 Pa. 175.

*Wendell P. Bowman*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 30, 1899:

We are obliged to reverse this judgment for the inadequacy of the charge. The accident on which the suit is founded was apparently trivial, and there was nothing to indicate at the time that any serious results were likely to follow. The injury to the plaintiff alleged to have been the consequence was as unu sual as it was said to be severe. No notice was given by or on behalf of the plaintiff, to the defendants until the bringing of suit a year and a half later. Under such circumstances the evidence could hardly be other than one-sided, and the case therefore belonged to a class which calls upon the court to instruct the jury fully as to the duty of plaintiff to make out affirmatively every element necessary to a recovery. Unfortunately the trial came at the close of the week, and the jury hav-

ing been already kept past the usual hour of adjournment were sent out with a very brief charge, three fifths of which was upon the subject of damages. Except for the single opening sentence that " if this young woman while she was in the act of getting off a car was thrown to the ground and injured by reason of the conductor or motorman starting the car before she got off then your verdict should be in her favor," the circumstances of the accident were not alluded to, and no instruction was given to the jury on the subject of negligence and the burden of affirmatively proving it. They might well suppose that that part of the case was undisputed. The charge then passed directly to the subject of damages, and here the expressions were equally inadequate if not misleading. The jury were told to consider, " Is she utterly incapable of doing anything, or can she follow some occupation with her other hand ? If her right hand is gone, will she be able to do anything and to earn some money ? " etc. This was unfortunately expressed. The plaintiff's hand was not gone. The testimony was that she suffered great pain in it, and that it was to a considerable extent disabled from periostitis, not usually a very serious disease. How far this condition would be permanent, or even become worse, was the subject of medical opinion which had been testified to, but the hand was not gone, and there was no evidence even tending to show that it would have to be lost in the future, except the opinion of one witness who testified to a future course of treatment, in successive steps, each to be taken only if the previous one failed, and the whole not testified to as probable, but only as a possible necessity. Even as such it came dangerously near being merely conjectural and speculative.

The case, as already said, was one that called for careful guiding of the jury and full explanation of the rights and responsibilities of the parties. We are obliged to say that this was not adequately done.

Judgment reversed and venire de novo awarded.